ANDY NICHOLSON v. THE STATE.

No. 2504. Decided January 28, 1903.

1.—Practice in Misdemeanor as to Charge.

Where the accused is not satisfied with the charge of the court in a misdemeanor case, he must except thereto and present special requested instructions, and if they are refused, reserve exceptions to such refusal to give them.

2.—Craps—Charge.

Where the evidence showed positively that defendant played the game of craps in a pasture, and not near any house, the failure of the court to instruct the jury in regard to a game not played at a private residence could not possibly have injured defendant in any manner.

Appeal from the County Court of Hunt. Tried below before Hon. R. D. Thompson, County Judge.

Appeal from a conviction of playing craps; penalty, a fine of $10.

No statement required.

No brief on file for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of gaming, and fined $10.

The evidence for the State discloses that appellant played a game of craps "at a pool" in a pasture, and "not near any house." There was but one witness introduced by the State in regard to the game, and he testified that this was the only game of craps he ever saw defendant play; that he never played with him in any other game; if he ever played with him in any other game he was not aware of it. Defendant absolutely denied playing the game, or any knowledge of it. He further stated that he had never played craps in his life, knew nothing about the game, and would not know dice if shown him. The court charged this language: "If the jury believe from the evidence, beyond a reasonable doubt, that defendant, Andy Nicholson, did, in Hunt County, Texas, at any time within two years prior to November 26, 1901, bet at a game called 'craps,' played with dice, you will find him guilty. If you do not so believe, you will acquit defendant." Exception was reserved to this charge because it did not correctly define the offense, in this: the charge authorized the conviction, although the game may have been played at a private residence, or that the jury may not have believed beyond a reasonable doubt that the game was not played at a private residence. This is a misdemeanor, and the usual rule is that, where the accused is not satisfied with the charge given, exceptions must be taken to the charge, and special instructions requested, and, in case of failure to give the same, reserve an exception to both actions of the court. Loyd v. State, 19 Texas Crim. App., 321. This was not done. Exception was reserved to the court's charge, but

no special charge requested, and, of course, no exception taken to the refusal to give it. We do not see how any injury could have occurred to defendant in any event. If appellant ever engaged in a game of craps in his life, it was the one in question. There is nothing in the record by which the jury could possibly have been misled. There was no intimation that appellant ever played a game in a house, but the facts, if true, show it was not near a house. If there had been testimony of a game in a house, there would have been room for conjecture that appellant might have been injured by the court's omission; but that could not arise here, because this is but the single crap-game transaction of appellant's life. Therefore the failure of the court to instruct the jury in regard to the game not being at a private residence was not calculated to injure him in any manner. Johnson v. State (Texas Crim. App.), 58 S. W. Rep., 60, 51 L. R. A., 272; Barnett v. State, 62 S. W. Rep., 765, 2 Texas Ct. Rep., 447.

The judgment is affirmed.

*Affirmed.*